**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GARY T. PARKER, II, | |
| Plaintiff, | CIVIL ACTION |
| v. | CASE NO. 16-cv-1354 |
| SELENE FINANCE, LP d/b/a SELENE FINANCE, a Delaware Limited Partnership, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT**
**TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, THE UNITED**
**STATES BANKRUPTCY CODE, AND THE ILLINOIS CONSUMER FRAUD AND**
**DECEPTIVE BUSINESS PRACTICES ACT**

COMES NOW Plaintiff, Gary T. Parker, II ("Plaintiff"), by and through his attorneys, the

Law Offices of William A. Mueller, LLC, complaining of the Defendant, Selene Finance, LP

d/b/a Selene Finance, a Delaware Limited Partnership ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.   Plaintiff brings this action against Defendant for violations of the Fair Debt Collection

Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, et seq., for violations of the Bankruptcy

Discharge Injunction pursuant to 11 U.S.C. §524, and for violations of the Illinois Consumer

Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

**JURISDICTION AND VENUE**

2.   Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C

§227, and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business in the Southern District of Illinois and all of these events or omissions giving rise to these claims occurred within the Southern District of Illinois.

**PARTIES**

4.   Plaintiff, Gary T. Parker, II, is a natural person who at all times relevant resided in Lenzburg, Illinois, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3),  as he was obligated to pay the debt.

5.   At all times relevant to the action, Defendant was a limited partnership with its principle place of business located at 9990 Richmond Avenue, Suite 400 South, Houston, TX 77042. Defendant's registered agent is CT Corporation Systems, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

6.   Defendant is a loan servicing company that is in the business of purchasing and servicing mortgage loans that are in default.

7.   Defendant qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly collects debts and uses the mail and/or the telephone to collect delinquent consumer accounts.

8.   Defendant qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because the debt, which is the subject of this complaint, was in default when Defendant acquired rights to the debt.

9.   Defendant qualifies as a "debt collector" as defined by the FDCPA because the principal purpose of its business is to collect debt and it regularly collects or attempts to collect defaulted debts owed to another party.

2

10. At all times relevant to this complaint, Defendant was collecting on a consumer debt as defined by 15 U.S.C. §1692a.

## FACTS SUPPORTING CAUSE OF ACTION

11. On or about April 3, 2008, Plaintiff obtained a residential mortgage secured by real property located at 209 North Charles Street, Lenzburg, Illinois 62255 ("subject debt").  The subject debt is a consumer debt pursuant to 15 U.S.C. §1692a(5).  *See* Exhibit 1, a true and correct copy of the relevant Mortgage and Note.

12. On March 11, 2015, the subject debt was transferred to Defendant.  *See* Exhibit 2, a true and correct copy of the Assignment of Mortgage.

13. On July 31, 2015, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 15-31194-lkg, invoking the protection of the automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit 3, a true and correct copy of the Notice of Bankruptcy.

14. Plaintiff listed Selene Finance as a secured creditor on his bankruptcy Schedule D.  *See* Exhibit 4, a true and accurate copy of Schedule D filed with Plaintiff's Bankruptcy Petition.

15. Plaintiff disclosed on his Statement of Intention that he was surrendering the property.  *See* Exhibit 5, a true and correct copy of the Statement of Intention filed with the Plaintiff's Bankruptcy Petition.

16. Since Plaintiff listed the Original Creditor in his bankruptcy schedules, the Bankruptcy Noticing Center ("BNC") sent the Original Creditor notice of the bankruptcy filing. *See* Exhibit 6, a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the notice of bankruptcy filing upon Defendant.

17. On August 14, 2015, Defendant filed a Motion for Relief from the Automatic Stay, which was granted on August 31, 2015.  *See* Exhibit 7, a true and correct copy of the Order granting Selene relief from the Automatic Stay.

18. On November 16, 2015, the Plaintiff received an Order of Discharge of all debts included in his bankruptcy petition pursuant to 11 U.S.C. § 727, including the "subject debt."  *See* Exhibit 8, a true and correct copy of the Order of Discharge entered by the United States Bankruptcy Court for the Southern District of Illinois and the BNC Notice of Discharge served upon Selene.

19. This discharge order effectuated a discharge of the debt to the Original Creditor, providing as follows:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged.  For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise . . . to collect a discharged debt from the debtor.  *Id.* at pg. 2.

20. Pursuant to 22 U.S.C. § 524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debtor by Defendant, or any other party.

### SELENE'S UNLAWFUL POST-DISCHARGE COMMUNICATION

21. On January 19, 2016, Defendant sent a Billing Statement ("statement") to Plaintiff demanding payment currently due in the amount of $13,306.90 and a Principal Balance of $58,812.92. *See* attached Exhibit 9, a true and correct copy of the January 19, 2016 Billing Statement.

22. The Statement states:

> You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure - the loss of your home. Your loan has been past due since 11/02/2014. As of 01/19/2016, you are 475 days delinquent of your mortgage loan. *Id.*

23. The Statement also states:

> "if payment is received after 2/16/2016, a maximum of $16.59 late fee may be charged." *Id.*

24. The Statement includes a transaction history that shows charges for "Misc FC, BK Expenses" of $10.50 on 1/4/16 and "Late Charges Assessed" of $16.59 on 1/19/16. *Id.*

25. The Statement included a detachable payment coupon with the instructions to detach and return it with the payment of $13,306.90 by February, 1, 2016.  *Id.*

26. Furthermore, the statement stated:

> "We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report." *Id.*

27. The second page of the Statement includes Payment addresses and Payment information on the top two/thirds of the page. In very small letters below the payment information is a statement regarding Bankruptcy and Credit Reporting. *Id.*

28. The Bankruptcy Language was very confusing to Plaintiff, an unsophisticated consumer, because the first page unequivocally demanded payment and included a payment stub and threatened penalties for non-payment. *Id.*

29. On February 16, 2016, Defendant sent a Billing Statement ("statement") to Plaintiff demanding payment currently due in the amount of $13,875.81 and a Principal Balance of $58,812.92. *See* attached Exhibit 10, a true and correct copy of the February 16, 2016 Billing Statement.

30. The Statement states:

> You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure - the loss of your home. Your loan has been past due since 11/02/2014. As of 02/16/2016, you are 503 days delinquent of your mortgage loan. *Id.*

31. The Statement also states:

> "if payment is received after 3/16/2016, a maximum of $16.59 late fee may be charged." *Id.*

32. The Statement includes a transaction history that shows charges for "Late Charges Assessed" in the amount of $16.59 on 1/19/2016 and $16.59 on 2/16/16. *Id.*

33. The Statement included a detachable payment coupon with the instructions to detach and return it with the payment of $13,875.81 by March, 1, 2016.  *Id.*

34. Furthermore, the statement stated:

> "We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report." *Id.*

35. The second page of the Statement includes Payment addresses and Payment information on the top two/thirds of the page. In very small letters below the payment information is a statement regarding Bankruptcy and Credit Reporting. *Id.*

36. The Bankruptcy Language was very confusing to Plaintiff, an unsophisticated consumer, because the first page unequivocally demanded payment and included a payment stub and threatened penalties for non-payment. *Id.*

37. In or around March and April 2016, with actual knowledge of Plaintiff's Bankruptcy case, Defendant made two (2) telephone calls to Plaintiff's cell phone, leaving voicemails indicating they were a debt collector and requesting a return call.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff repeats and re-alleges paragraphs 1 through 37 as fully set forth herein.

39. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as the amount due or owed to another arises out of a transaction primarily for personal, family or household purposes.

40. Defendant is a "debt collector" because it uses the mail system in the operation of collecting debts owed or due to another. 15 U.S.C. § 1692a(6).

41. Defendant violated 15 U.S.C. §§ 1692a(2), 1692b(6), 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1) through its debt collection efforts of the "subject debt" which is a consumer debt.

42. Defendant violated 15 U.S.C. § 1692a(2) and § 1692b(6) as they knew or had reason to know that Plaintiff was represented by counsel and counsel did not consent to communication with the Plaintiff.

43. Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the subject debt.  The subject debt was not collectible at the time Defendant demanded payment by virtue of the Order of Discharge entered in his bankruptcy case.

44. Defendant violated 15 U.S.C. § 1692e(5) when it threatened to report Plaintiff to the credit bureaus for nonpayment of the subject debt.

45. Defendant violated 15 U.S.C. §1692e(10) when it misrepresented that the subject debt was collectible when it sent the bill to Plaintiff, as it was not collectible by virtue of the Order of Discharge entered in his bankruptcy case.

46. Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt because Defendant was no longer able to collect the subject debt and could not negatively report a discharged debt to the credit bureaus.

47. Defendant violated 15 U.S.C. §1692f(1) by collecting on an amount not permitted by law as Defendant included "Misc FC, BK Expenses" on a billing statement after the subject debt had been discharged in Plaintiff's Bankruptcy case.

48. Defendant attempted to coerce Plaintiff into paying a debt that was not legally collectible because Plaintiff was protected by the Order of Discharge.

49. As an experienced debt collector, Defendant knew or should have known not to send bills to a debtor that is protected by the Order of Discharge.

50. Defendant knew or should have known that Plaintiff's pre-petition debt was uncollectable at the time due to the Order of Discharge.

51. Defendant appears to have no system in place to identify and cease the collection of debts included in or discharged in bankruptcy.

52. Defendant's failure to scan their database to prevent the unlawful collection of the subject debt was willful.

53. Plaintiff suffered from Defendant's unlawful collection activities.

54. Plaintiff suffered from emotional distress due to Defendant's unlawful attempts to collect the subject debt, as he was led, by Defendant's collection activities, to believe his bankruptcy had no effect.  The Billing Statement was highly confusing to Plaintiff.

55. Plaintiff felt that he still owed the debt to Defendant, although he had included it in his bankruptcy, and thus rendering the bankruptcy process ineffective in helping him discharge the subject debt.

56. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

57. Concerned about the violations of his rights and protections that were expected by his bankruptcy filing, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

58. Plaintiff has expended time consulting with his attorneys and has incurred attorney's fees as a result of Defendant's deceptive collection actions.

WHEREFORE, Plaintiff, Gary T. Parker, II, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b.  Awarding Plaintiff statutory damages for the underlying FDCPA violations;

c.  Ordering the deletion of adverse credit reporting, if any, related to the debt;

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k;  and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
### VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION

59. Plaintiff repeats and re-alleges paragraphs 1 through 58 as fully set forth herein.

60. The United States Bankruptcy code prohibits and operates and as an injunction against any act, to collect, recover, or offset any debt owed by the debtor pursuant to 11 U.S.C. §§524(a)(2)-(3).

61. Plaintiff's discharge order effectuated a discharge of the debt to Defendant providing as follows:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged.  For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise . . . to collect a discharged debt from the debtor.

62. The debt owed to Defendant is such a debt that the Discharge Injunction is designed to prevent creditors and collectors from continuing to collect, assess or recover against the Plaintiff after the Order of Discharge.

9

63. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.,* 239 F.3d 910, 915 (7th Cir. 2001).

64. As the Defendant was notified of the bankruptcy filing, the actions taken by Defendant to collect on this debt while the Plaintiff was under the protection of the Discharge Injunction was willful.

65. Plaintiff suffered from Defendant's unlawful collection activities.

66. Plaintiff suffered from emotional distress due to Defendant's unlawful attempts to collect the subject debt, as he was led, by Defendant's collection activities, to believe his bankruptcy had no effect.  The billing statement was highly confusing to Plaintiff.

67. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

68. Concerned about the violations of his rights, and due to the protections he expected as a result of his bankruptcy filing, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

69. Plaintiff has expended time consulting with his attorneys and has incurred attorney's fees as a result of Defendant's deceptive collection actions.

70. Plaintiff is entitled to actual damages, attorney's fees, and costs for Defendant's willful violations of the discharge injunction. Plaintiff is also entitled to punitive damages for Defendant's defiance of the Bankruptcy Code and its provisions.

71. The Court should award punitive damages to deter Defendant from future misconduct.

WHEREFORE, Plaintiff, Gary T. Parker, II, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Holding Defendant in civil contempt of the Order or Discharge pursuant to 11 U.S.C. §§524 and 105;

b.  Awarding Plaintiff his actual damages in the amount to be determined by this Court as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;

c.  Awarding Plaintiff punitive damages in the amount to be determined by this Court for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;

d.  Awarding Plaintiff reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate

### COUNT III
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD
### AND DECEPTIVE BUSINESS PRACTICES ACT

72. Plaintiff repeats and re-alleges paragraphs 1 through 71 as fully set forth herein.

73. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1(c).

74. Defendant is engaged in "commerce" as defined in ICFA, 815 ILCS 505/1(f).

75. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect from Plaintiff a debt protected by the Discharge Injunction afforded by the Bankruptcy Code, 11 U.S.C. § 524.

The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

76. Defendant's collection attempt represents the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not collectable at the time the billing statements were sent to Plaintiff.

11

77. Defendant's billing statements were sent with knowledge of the Order of Discharge. It was unfair to Plaintiff because the subject debt was not collectible as a matter of law.

78. Defendant's failure to abide by the discharge injunction constitutes deception and unfairness in regards to its collection attempts upon Plaintiff.

79. Defendant's confusing and deceptive billing statements sent to Plaintiff demonstrates that Defendant regularly engages in such practices designed to mislead debtors.

80. ICFA was designed to protect consumers from the unfair and deceptive acts committed by Defendant.

81. Defendant's misrepresentations are unlawful, contradicting the intent of ICFA.

82. Defendant intended for Plaintiff to rely on its misrepresentations by sending the billing statements to induce payment on an uncollectable debt.

83. It was unfair for Defendant to mislead Plaintiff into believing that he was presently obligated to make payment on the subject debt, when he was not.

84. It was unfair for Defendant to seek to collect the subject debt from Plaintiff through its misleading billing statements.

85. It was unfair for Defendant to attempt to induce Plaintiff into making payments on an uncollectable debt by sending the statements to Plaintiff.

86. Defendant intended that Plaintiff rely on its misrepresentation and Plaintiff did in fact rely on Defendant's misrepresentation as he was led to believe his bankruptcy had no legal effect and that he still owed the subject debt to Defendant.

87. Defendant's demand was unfair and deceptive because it was systematically calculated to mislead Plaintiff into believing the subject debt was still owed, when in fact the subject debt was under the discharge injunction in Plaintiff's bankruptcy.

88. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a

89. Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a for the following reasons:

    a.  Plaintiff has suffered damages in the form of emotional distress and time spent consulting with his attorneys as a result of Defendant's unlawful collection practice.

    b.  An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, showed reckless disregard for the Plaintiff's rights, and Plaintiff had no choice but to submit to the billing statement.

WHEREFORE, Plaintiff, Gary T. Parker, II, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

c.  Ordering the deletion of adverse credit reporting, if any, related to the debt;

d.  Awarding Plaintiff's costs and reasonable attorney fees pursuant to 815 ILCS 505/10a(c);

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 16, 2016                             Respectfully Submitted,


                                                    /s/ Kimberly D. Wirth
                                                    Kimberly D. Wirth, ARDC #: 6299352
                                                    Attorney for Plaintiff
                                                    Law Offices of William A. Mueller, LLC
                                                    5312 West Main Street
                                                    Belleville, IL 62226
                                                    Phone: (618) 236-7000
                                                    Fax: (618) 236-7002